### HOLMAN v. PATTEN.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

BROKERS ⬤=61—RIGHT TO COMMISSION—LOANS—SECURITY—MARKETABLE TITLE.

Defendant's title to land, on the security of which plaintiff was to obtain a loan, was not unmarketable, so as to authorize the person, whom plaintiff had produced to make the loan, to reject the title, and still allow plaintiff to recover his commission for obtaining the loan, merely because of the possibility that one, defeated in its action of ejectment against defendant for the land, might within three years take a new trial.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 77, 78, 92, 93; Dec. Dig. ⬤=61.]

Appeal from Trial Term, New York County.

Action by William Holman against Walter R. Patten for a broker's commission. From a judgment on a verdict directed for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and SMITH, JJ.

Deyo & Bauerdorf, of New York City (Howard C. Taylor, of New York City, of counsel), for appellant.

Harold E. Lippincott, of New York City, for respondent.

CLARKE, J. The action was to recover a broker's commission of 8½ per cent. on the amount of a loan of $25,000 claimed to have been obtained for the defendant upon a written agreement as to the payment of said brokerage fees and for disbursements made in con-

nection therewith. The loan was to be made on the undivided one-half interest in property owned by the defendant situated on the block between East 122d and 123d street abutting on the East River. The loan agreement provided that the borrower was to furnish policy of title insurance from one of two named title insurance companies, showing that applicant's title was a marketable one and that this loan was a first lien on his one-half interest.

The sole question is in regard to that provision. The Title Company gave as an objection to the title:

"F. Outstanding title of the city of New York to any land lying east of the original high-water mark of the Harlem River."

It did not refuse to issue a policy, but was willing to do so with that exception. The court gave judgment for the plaintiff upon the ground that, although the record disclosed a suit in ejectment by the city affecting the premises in question, in which judgment had been entered for the defendant dismissing the complaint, nevertheless, as under the then existing section 1525 of the Code the city had an absolute right at any time within three years to have the judgment vacated and a new trial of the issues, it was a pending suit, and therefore the defendant was not in a position to make good. Therefore it held that the broker had done the work, that the failure to complete was the fault of the defendant, and plaintiff was entitled to recover.

In the ejectment suit, which was commenced in 1888 and brought to trial in 1907, the referee found that the boundary separating the easterly line of Patten's land from the Harlem River "is a solid stone bulkhead, which has existed practically on its present line and in its present condition since at least May 7, 1849," that none of the land westerly from said bulkhead was in the tideway of the Harlem River, and that the original line of high water in front of said premises was easterly from said bulkhead. Judgment in said action was entered against the city, dismissing the complaint on the merits, with costs in favor of defendants in the sum of $3,817.75. The city did not appeal, and the judgment was paid on March 10, 1911. The respondent herein made no attempt to establish that any part of the land to be mortgaged lay east of the original line of the high-water mark, although that was the only objection contained in the report of the Title Company which was considered of any consequence.

It seems to me that plaintiff failed to make out a case, in that the person he produced refused to make the loan, although the title was good, and that the specific ground of the action of the court below was not well taken. In Haffey v. Lynch, 143 N. Y. at page 248, 38 N. E. at page 299, Judge Earl said:

"The ejectment suit had finally resulted in favor of the defendant. * * * The fact that Jarvis could have paid the costs and taken a new trial under the statute is of no importance. There was final judgment against him, and the contingency that he might take a new trial is of no more importance than the contingency that some other person might at some time commence an action to recover the same land."

· It follows that the judgment should be reversed, and the complaint dismissed, with costs and disbursements to the appellant. All concur.